**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br>Plaintiff-Applicant,<br>v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>Defendant. | No. 08-01789 (CGM)<br>SIPA LIQUIDATION<br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br>Plaintiff,<br>v.<br>Delta National Bank and Trust Company,<br>Defendant. | Adv. Pro. No. 11-02551 (CGM) |

**MEMORANDUM DECISION DENYING DEFENDANT'S MOTION TO DISMISS**

**A P P E A R A N C E S :**

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
*On the papers*

*Counsel for Defendant Delta National Bank and Trust Company*
Sullivan & Cromwell LLP
125 Broad Street

7th Floor
New York, NY 10016-6819
*On the papers*

**CECELIA G. MORRIS**
**UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is Defendant, Delta National Bank and Trust Company's ("Delta"), motion to dismiss the complaint of Irving Picard, the trustee ("Trustee") for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"). The Trustee is seeking to recover subsequent transfers allegedly consisting of BLMIS customer property. Delta seeks dismissal with prejudice for failure to state a short and plain statement of the claim showing that the pleader is entitled to recovery of avoided transfers under 11 U.S.C. § 550(a); failure to state a claim due to the safe harbor provision of the Bankruptcy Code; and the argument that the complaint establishes Delta's good faith. For the reasons set forth herein, the motion to dismiss is denied in its entirety.

## Jurisdiction

This is an adversary proceeding commenced in this Court, in which the main underlying SIPA proceeding, Adv. Pro. No. 08-01789 (CGM) (the "SIPA Proceeding"), is pending. The SIPA Proceeding was originally brought in the United States District Court for the Southern District of New York (the "District Court") as *Securities Exchange Commission v. Bernard L. Madoff Investment Securities LLC et al.*, No. 08-CV-10791, and has been referred to this Court. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b) and (e)(1), and 15 U.S.C. § 78eee(b)(2)(A) and (b)(4).

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F), (H) and (O). This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(a), the District Court's standing order of reference, dated July 10, 1984, and the

amended standing order of reference, dated January 31, 2012. In addition, the District Court removed the SIPA liquidation to this Court pursuant to SIPA § 78eee(b)(4), (*see* Order, Civ. 08–01789 (Bankr. S.D.N.Y. Dec. 15, 2008) ("Main Case"), at ¶ IX (ECF No. 1)).

**Background**

The Court assumes familiarity with the background of the BLMIS Ponzi scheme and its SIPA proceeding. *See Picard v. Citibank, N.A. (In re BLMIS),* 12 F.4th 171, 178-83 (2d Cir. 2021), *cert. denied sub nom. Citibank, N.A. v. Picard,* 142 S. Ct. 1209, 212 L. Ed. 2d 217 (2022).

This adversary proceeding was filed on August 25, 2011. Compl., ECF No. 1. The Trustee seeks to recover subsequent transfers made to Delta, a New York entity. *Id.* ¶ 2. The subsequent transfers were derived from investments with BLMIS made with Fairfield Sentry Limited ("Fairfield Sentry"). *Id.* Fairfield Sentry was a "feeder fund" of BLMIS. *Id.* After BLMIS's collapse, the Trustee filed an adversary proceeding against Fairfield Sentry and related defendants to avoid and recover fraudulent transfers of customer property in the amount of approximately $3 billion. *Id.* ¶ 33. In 2011, the Trustee settled with Fairfield Sentry, resulting in a judgment in the amount of $3.054 billion, but only $70 million was repaid to the BLMIS customer property estate. *Id.* ¶ 38. The Trustee then commenced a number of adversary proceedings against subsequent transferees like Delta to recover the approximate $3 billion in missing customer property. The Trustee alleges that Delta received approximately $20,634,958 of the money initially transferred from BLMIS to Fairfield Sentry and subsequently from Fairfield Sentry to Delta. *Id.* ¶ 39.

In its motion to dismiss, Delta argues that there was a failure to state a short and plain statement of a claim for recovery of avoided transfers, the safe harbor bars the Trustee's recovery

of this transfer, and that the complaint establishes Delta's good faith. The Trustee opposes the motion to dismiss. Delta has issued a reply to the Trustee's opposition.

**Discussion**

I. The Complaint Sufficiently Pleads a Claim for Recovery of Avoided Transfers under Section 550(a)

"To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). Claims are facially plausible when the plaintiff pleads facts that allow courts to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544 556 (2007) ("Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement."). The Court when deciding a motion to dismiss should assume the factual allegations are true and determine whether, when read together, the factual allegations plausibly give rise to an entitlement of relief. *Iqbal*, 556 U.S. at 679. Complaints may proceed even if the finding of actual proof of the complaint is improbable, and recovery is unlikely. *Twombly*, 550 U.S. at 556.

"Courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice". *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* U.S. 308, 322 (2007). Documents

considered to be included in the complaint include written instruments attached to it as an exhibit, documents incorporated in it by reference, and other documents which are "integral" to the complaint. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002). Documents are "integral" to complaints when the plaintiff has "actual notice" of the extraneous information and relied on it in framing the complaint. *DeLuca v. AccessIT Grp., Inc.,* 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010) (*see also Chambers*, 282 F.3d at 153).

The Trustee seeks to recover the subsequent transfers of approximately $20,634,958 made from 2003 to 2008.

**Recovery of Subsequent Transfers**

Section 550(a) of the Bankruptcy Code states:

> Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—
> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
> (2) any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 550(a). "To plead a subsequent transfer claim, the Trustee must plead that the initial transfer is avoidable, and the defendant is a subsequent transferee of that initial transferee, that is, that the funds at issue originated with the debtor." *Picard v. BNP Paribas S.A. (In re BLMIS),* 594 B.R. 167, 195 (Bankr. S.D.N.Y. 2018); *see also SIPC v. BLMIS (In re Consol. Proc. On 11 U.S.C. § 546(e))*, No. 12 MC 115, 2013 WL 1609154, at *7 (S.D.N.Y. Apr. 15, 2013). "Federal Civil Rule 9(b) governs the portion of a claim to avoid an initial intentional fraudulent transfer and Rule 8(a) governs the portion of a claim to recover the subsequent transfer." *BNP Paribas*, 594 B.R. at 195 (*citing Sharp Int'l Corp. v. State St. Bank & Trust Co., (In re Sharp Int'l Corp.)*, 403 F.3d 43, 56 (2d Cir. 2005).

The Trustee only needs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's burden at the pleading stage does not require exact accounting of the funds at issue. *BNP Paribas*, 594 B.R. at 195. Rather "[t]he plaintiff must allege the necessary vital statistics – the who, when, and how much – of the purported transfers to establish an entity as a subsequent transferee of the funds." *Id.* 11 U.S.C. § 550(a) allows the Trustee to pursue any of the immediate or mediate transferees at any time. The Trustee must allege that the initial transfer from BLMIS to Fairfield Sentry is avoidable, but the Trustee is not required to avoid the transfer received by the initial transferee before asserting an action against subsequent transferees. *IBT Int'l Inc. v. Northern (In re Int'l Admin Servs., Inc.)*, 408 F.3d 689, 706-07 (11th Cir. 2005).

The Trustee pleaded the avoidability of the initial transfer (from BLMIS to Fairfield Sentry) by adopting by reference the entirety of the Fairfield Sentry amended complaint ("Fairfield Amended Complaint") filed against Fairfield Sentry in adversary proceeding 09-1239. Compl. ¶ 33, ECF No. 1 ("The Trustee incorporates by reference the allegations contained in the Fairfield Amended Complaint as if fully set forth herein."). Whether the Fairfield Amended Complaint properly pleads the avoidability of the initial transfer, is governed by Rule 9(b). Rule 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). When a fraudulent transfer claim is asserted by a bankruptcy trustee, the District Court precedent instructs courts to adopt a more liberal view since a trustee is an outsider to the transaction who must plead fraud from second-hand knowledge. *Picard v. Cohmad Secs. Corp., (In re BLMIS)*, 454 B.R. 317, 329 (Bankr. S.D.N.Y. 2011) (citations omitted). In a case such as this where the Trustee lacks personal

knowledge and the case is compounded with complex legal issues over time, the trustee's leeway increases, and even greater deference should be afforded. *Id.*

**Incorporation of the Fairfield Sentry Amended Complaint**

Adoption by reference is governed by Rule 10 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 10(c). Rule 10(c) states that "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion." The District Court has already found that adoption by reference for the entire Fairfield Amended Complaint is proper. *See SIPC v. BLMIS (In re Consol. Proc. on 11 U.S.C. § 550 (a))*, 501 B.R. 26, 36 (S.D.N.Y. 2013) ("The Trustee's complaint against Standard Chartered Financial Services incorporates by reference the complaints against Kingate and Fairfield, including the allegations concerning the avoidability of the initial transfers, and further alleges the avoidability of these transfers outright. Thus, the avoidability of the transfers from Madoff Securities to Kingate and Fairfield is sufficiently pleaded for purposes of section 550(a).") (citations omitted).

This Court will follow the District Court's instruction. Pleadings filed in the "same action" may be properly adopted by reference in other pleadings in that action. *In re Geiger*, 446 B.R. 670, 679 (Bankr. E.D. Pa. 2010). The Fairfield Amended Complaint was filed in the "same action" as this adversary proceeding for purposes of Rule 10(c). *Id.* Cases within the SIPA proceeding are considered to be filed in the same "proceeding". *In re Terrestar Corp.*, No. 16 CIV. 1421, 2017 WL 1040448, at *4 (S.D.N.Y. Mar. 16, 2017) ("Adversary proceedings filed in the same bankruptcy case do not constitute different cases."); *see also Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 610 B.R. 197, 237 (Bankr. S.D.N.Y. 2019) ("The prior decisions within this SIPA proceeding constitute law of the case . . . . "); *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 603 B.R. 682, 700 (Bankr. S.D.N.Y. 2019); *Perez v. Terrastar*

*Corp. (In re Terrestar Corp.)*, No. 16 Civ. 1421 (ER), 2017 WL 1040448, at *4 (S.D.N.Y. Mar. 16, 2017) ("Adversary proceedings filed in the same bankruptcy case do not constitute different cases."), *appeal dismissed*, No. 17-1117 (2d Cir. June 29, 2017); *Bourdeau Bros., Inc. v. Montagne (In re Montagne)*, No. 08-1024, 2010 WL 271347, at *6 (Bankr. D. Vt. Jan. 22, 2010) ("[D]ifferent adversary proceedings in the same main case do not constitute different 'cases.'").

Some courts worry that wholesale incorporation of a pleading can lead to "confusing and inconvenient" results. *Hinton v. Trans Union, LLC*, 654 F. Supp. 2d 440, 446–47 (E.D. Va. 2009) (footnote omitted), *aff'd*, 382 F. App'x 256 (4th Cir. 2010). This is not a concern for this proceeding. Delta, like many subsequent transfer defendants in this SIPA proceeding, is aware of what has been filed in the other adversary proceeding in this SIPA liquidation. Delta follows what legal developments are occurring on a proceeding-wide basis. See Stip., ECF No. 96 (dismissing adversary proceeding based on consolidated extraterritoriality ruling).

It does not prejudice the Defendant to allow the Trustee to incorporate the Fairfield Amended Complaint by reference. If the Court ordered the Trustee to amend his complaint to include all the allegations already contained in the Fairfield Amended Complaint, it would prejudice all parties by delaying the already prolonged proceedings. *See Picard v. Fairfield Inv. Fund. (In re BLMIS)*, No. 08-01789, Adv. No. 09-01239, 2021 WL 3477479, at *4 (Bankr. S.D.N.Y. Aug. 6, 2021) ("Rule 15 places no time bar on making motions to amend pleadings and permits the amending of pleadings 'when justice so requires.'"). The Trustee has adequately pleaded, with particularity, through the adoption of the Fairfield Amended Complaint, the avoidability of the initial transfer. This is because Fairfield Sentry had knowledge of BLMIS's fraud. Fairfield Compl. ¶¶ 314-18, 09-01239, ECF No. 286); *see also SIPC v. BLMIS (In re Consol. Proc. on 11 U.S.C. § 550(a))*, 501 B.R. 26, 36 (S.D.N.Y. 2013) ("[T]he Court directs

that the following adversary proceedings be returned to the Bankruptcy Court for further proceedings consistent with this Opinion and Order ….").

**BLMIS Customer Property**

The Trustee has pleaded based on its investigation to date, that approximately $20,634,958 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant Delta. Compl. ¶ 42, ECF No. 1. The exhibits attached to the Complaint provide Delta with the required details at this stage of the case for each transfer. *Picard v. BNP Paribas S.A. (In re BLMIS),* 594 B.R. 167, 195 (Bankr. S.D.N.Y. 2018); Subsequent Transfers, ECF No. 1 (displaying the transfers in question by their dates and amounts); *cf. Picard v. Shapiro (In re BLMIS)*, 542 B.R. 100, 119 (Bankr. S.D.N.Y. 2015) (dismissing for failure to plausibly imply that the initial transferee made any subsequent transfers.). The Fairfield Amended Complaint, which is incorporated into this complaint by reference, alleges that the Fairfield Sentry fund was required to invest 95% of its assets in BLMIS. Fairfield Compl. ¶ 89; *see also* Fairfield Compl. ¶ 91 ("From the beginning, to comport with Madoff's requirement for BLMIS feeder funds, Fairfield Sentry ceded control of not only its investment decisions, but also the custody of its assets, to BLMIS."). The Trustee is not required to prove the path that each transfer took from BLMIS to Fairfield Sentry and subsequently to each shareholder. The Complaint plausibly alleges that Fairfield Sentry did not have any assets that were not customer property.

Taking all allegations as true and reading them in a light most favorable to the Trustee, the Complaint plausibly pleads that Delta received customer property. Fairfield Sentry did not have any other property to give. The precise calculation of Fairfield Sentry's customer property

and what funds it used to make redemption payments are issues of fact best resolved later in this litigation.

II. Section 546(e) Does Not Bar the Trustee's Claim to Recover Subsequent Transfers

The Defendant has raised the "safe harbor" defense, found in 11 U.S.C. § 546(e), to the Trustee's allegations. Section 546(e) is referred to as the safe harbor because it protects a transfer that is a "settlement payment … made by or to (or for the benefit of) a … financial institution [or] financial participant," or that is "made by or to (or for the benefit of) a … financial institution [or] financial participant … in connection with a securities contract." 11 U.S.C. § 546(e). "By its terms, the safe harbor is a defense to the avoidance of the initial transfer." *Picard v. BNP Paribas S.A. (In re BLMIS),* 594 B.R. 167, 197 (Bankr. S.D.N.Y. 2018). When the initial transferee fails to raise a safe harbor defense against the Trustee's attempted avoidance of certain transfers, as is the case here, the subsequent transferee is entitled to raise a § 546(e) defense against recovery of those funds. *Picard v. Fairfield Inv. Fund (In re BLMIS)*, No. 08-01789, Adv. No. 09-01239, 2021 WL 3477479, at *3 (Bankr. S.D.N.Y. Aug. 6, 2021).

Due to the safe harbor granted in 11 U.S.C. § 546(e), the Trustee may only avoid and recover intentional fraudulent transfers under 11 U.S.C. § 548(a)(1)(A) made within two years of the filing date, unless the transferee had "actual knowledge that there were no actual securities transactions being conducted." *SIPC v. BLMIS (In re Consolidated Proceedings on 11 U.S.C. § 546(e))*, No. 12 MC 115, 2013 WL 1609154, at *4 (S.D.N.Y. Apr. 15, 2013). "If an investor knew that BLMIS was not actually trading securities, he had no reasonable expectation that he was signing a contract with BLMIS for the purpose of trading securities for his account. In that event, the Trustee can avoid and recover preferences and actual and constructive fraudulent

transfers to the full extent permitted under state and federal law." *Picard v. Legacy Capital Ltd. (In re BLMIS)*, 548 B.R. 13, 28 (Bankr. S.D.N.Y. 2016) (citations omitted). "…[I]f the Trustee sufficiently alleges that the [initial] transferee from whom he seeks to recover a fraudulent transfer knew of [BLMIS ]'[s] fraud, that transferee cannot claim the protections of Section 546(e)'s safe harbor." *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,* No. 08-01789, 2021 WL 3477479, at *4 (Bankr. S.D.N.Y. Aug. 6, 2021). This Court already determined that the Fairfield Amended Complaint contains sufficient allegations of Fairfield Sentry's actual knowledge, such that the safe harbor defense on a Rule 12(b)(6) motion is defeated. *See Picard v. Fairfield Inv. Fund (In re BLMIS)*, No. 08-01789, Adv. No. 09-01239, 2021 WL 3477479, at *4 (Bankr. S.D.N.Y. Aug. 6, 2021) ("[T]he Trustee has alleged that the agents and principals of the Fairfield Funds had actual knowledge of Madoff's fraud"). In that adversary proceeding, the Court held "[t]he Trustee has pled [actual] knowledge in two ways: 1) that certain individuals had actual knowledge of Madoff's fraud, which is imputed to the Fairfield Funds; and 2) that actual knowledge is imputed to the Fairfield Funds through 'FGG,' an alleged 'de facto' partnership." *Id. at *4; see also* Fairfield Compl. ¶ 320 ("Fairfield Sentry had actual knowledge of the fraud at BLMIS").

This Court determined that the Fairfield Amended Complaint contains credible allegations demonstrating that Fairfield Sentry had actual knowledge that BLMIS was not trading securities. *See Picard v. Fairfield Inv. Fund (In re BLMIS)*, No. 08-01789, Adv. No. 09-01239, 2021 WL 3477479, at *3–*7 (Bankr. S.D.N.Y. Aug. 6, 2021). The District Court determined that "those defendants who claim the protections of Section 546(e) through a Madoff Securities account agreement but who actually knew that Madoff Securities was a Ponzi scheme are not entitled to the protections of the Section 546(e) safe harbor, and their motions to dismiss

the Trustee's claims on this ground must be denied." *SIPC v. BLMIS (In re Consolidated Proceedings on 11 U.S.C. § 546(e))*, No. 12 MC 115, 2013 WL 1609154, at *10 (S.D.N.Y. Apr. 15, 2013). "[T]o the extent that a defendant claims protection under Section 546(e) under a separate securities contract" this Court was directed to "adjudicate those claims in the first instance consistent with [the District Court's] opinion." *See* Order, 12-MC-115, ECF No. 119, Ex. A at 24.

This Court has no discretion to reconsider this issue, agrees with the district court's reasoning, and finds its holding consistent with dicta set forth by the Court of Appeals for the Second Circuit.

III. Good Faith

Delta argues that this Court should dismiss the Trustee's complaint because it is clear from the complaint that Delta acted in good faith. "Good faith" is an affirmative defense, and such defenses are not proper to be brought on a motion to dismiss. Affirmative defenses are fact driven, require a factual analysis, and a presentation of evidence. *United Teamster Fund v. MagnaCare Admin Servs., LLC*, 39 F.Supp. 3d 461, 475 (S.D.N.Y. 2014) ("Affirmative defenses 'often require consideration of facts outside of the complaint and thus [are] inappropriate to resolve on a motion to dismiss.'"). To bring a good faith defense during a motion to dismiss, the defendant must meet a stringent standard and show beyond a doubt that the plaintiff can prove no set of facts in support of his claim. *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004). Delta does not come close to this standard and it does not provide any cases where good faith was successfully plead on a motion to dismiss. This Court will reject Delta's attempt to raise a good faith defense on a motion to dismiss just as was done in similar cases. *See Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Secs.)*, No. 20-cv-02586 (S.D.N.Y. May 2,

2022); *Picard v. Banque Syz & Co., SA (In re Bernard L. Madoff Inv. Secs. LLC)*, Adv. No. 11-02149, ECF No. 167 (Main Case ECF No. 21741) (Bankr. S.D.N.Y. June 14, 2022).

**Conclusion**

For the foregoing reasons, Delta's motion to dismiss is denied in its entirety. The Trustee shall submit a proposed order within fourteen days of the issuance of this decision, directly to chambers (via E-Orders), upon not less than two days' notice to all parties, as required by Local Bankruptcy Rule 9074-1(a).

**Dated: August 12, 2022**
**Poughkeepsie, New York**



**/s/ Cecelia G. Morris**
**_______________________**
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**